Good morning, Your Honors. My name is David Ness. I am with the Federal Defenders of Montana. I represent the appellant to this action, Mr. Brian Granbois. You were here yesterday, weren't you? I was here yesterday, yes, sir, arguing on behalf of Mr. Bad Marriage. As the Court is aware, Mr. Granbois was sentenced essentially for sexual abuse of a child, was convicted of sexual abuse of a child and sentenced to life without possibility of parole. I want to concentrate my argument on the sentencing issue, that is whether or not Mr. Granbois was properly classified as a career offender, simply because I think that that issue is garnering a great deal of attention from the courts. However, I think it is appropriate to make some comments about the trial, because the trial was infected by what I see anyway as an overriding issue, that is the misconception of the judge as to the defense theory of the case. Throughout the proceedings below, we argued, both during trial, after trial and prior to trial, that the reliability of the child witnesses' statements were at issue. The district court, I think, throughout the proceedings, continually misapprehended our argument and viewed our argument as a credibility determination of the child victim. But this was a 14-year-old girl, wasn't it? No, no, Your Honor, the girl was eight, I believe, eight years old. Younger. Yeah, I believe the girl was eight. Another one was three from yesterday. Oh, yeah, yes, involving the two priors. That's correct, yes. But the victim in the instant case was eight or nine years old at the time. At any rate, by the court viewing our argument with respect to the victim as a credibility issue rather than a reliability issue, it led the court to make a number of mistakes during the course of the trial and also in denying our motion for a new trial filed after the trial was over. We presented expert testimony or sought to present expert testimony detailing to the jury the problems inherent in this girl's testimony by virtue of the fact that she'd been interviewed on a number of occasions and that there had been a number of suggestive techniques utilized during the course of those interviews. What we wanted to do was we wanted to present evidence to the jury about what those suggestive components of the interviews were, about the number of different interviews, and allow our experts to testify about the potential for those particular techniques to affect the reliability of the child victim. The district court viewed that as going too far and disallowed us from presenting that type of testimony based upon its belief that we were trying to issue a or trying to introduce an opinion directly upon the credibility of the child witness. And that is, as I explained to the court prior to the hearing, that wasn't our intent in offering that type of testimony, but rather we thought it was important that the jury learn not only about the suggestive techniques but the direct effect that those suggestive techniques could potentially have upon the reliability of this victim witness's testimony. Testimony of that nature, as I think that this court recognized in the Vallejo case, is something that didn't directly attach to the credibility of the witness. And, in fact, the jury would be free to determine that although suggestive techniques were used and the suggestive techniques can potentially taint the witness's testimony, that nevertheless the victim was telling the truth. But we weren't even allowed to get to that point. After the trial was over, we filed a motion, a Rule 29 motion, together with a motion for a new trial. Once again, the court misapprehended the thrust of our argument and viewed it strictly as a credibility issue. But I think this is clear from our arguments in the briefs. It wasn't simply a credibility issue. Rather, what we were arguing is that this witness's testimony, similar to an eyewitness, for example, that has been subjected to a suggestive identification procedure, that her testimony was, while perhaps credible, was not reliable. And those misapprehensions on the part of the district court, I think, were error. And, as a result, this court should reverse the conviction and at the very least send this matter back for a new trial. Now, with respect to the sentencing issue, Mr. Granboy was sentenced to life without possibility of parole after the district court determined that he was a career offender. We acknowledged in the district court, and we acknowledge now, that the instant crime of conviction was and is a crime of violence. We also acknowledged that there was one predicate that was also properly categorized as a crime of violence, and that was the abusive sexual contact of the three-year-old. However, what we argue here and what we argued in the district court below is that the other predicate utilized by the district court, that is, sexual contact with a girl under the age of 16, was not a crime of violence. And I think that that argument finds acceptance in a number of the circuits that are visiting that issue, and as the Fifth Circuit has recently, I think, revisited that issue. I think what the court needs to do in addressing that argument is look at the specific definition of crime of violence under the career offender provisions. I think it's clear that the statute prohibiting sexual contact with a person under the age of 16, but over the age of 12, does not on its face require a use of force or a threat of force. The way I view the case is that the court needs to evaluate this issue under what I would term as the otherwise clause of the career offender provision, and that is whether or not the criminal conduct involved in that particular statute otherwise involves conduct that presents a serious potential risk of physical injury. Now, wasn't this issue decided by us in this Piera Salmeron case that was decided August of 2003? Well, the Piera Salmeron case involved – it was different because not only was the age of the victim lower, but the conduct involved was also much more intrusive than what's involved in 18 U.S.C. section 2244. In the Piera Salmeron case, the defendant was charged with carnal knowledge of a minor in violation of Virginia law, and carnal knowledge required some sort of actual penetration and actual intercourse or at least some sort of oral contact with a sexual organ. The girl in that case, as I recall, was 13 years old. The statute prohibited intercourse or oral contact with a minor that was under the age of 15. Now, here what we're talking about is we're talking about contact, just simple contact, either over or under the clothing of – it can be as innocuous as the inner thigh of the victim. And I think, as the Piera Salmeron case acknowledged, when we're actually talking about sexual intercourse, the threat of physical injury to the victim is something that is, I think, clearly more tangible than the threat of physical injury when we're dealing with the type of contact prohibited under section 2244. The victim, for example, can get pregnant. There's a greater danger of transmission of disease. There's a greater danger of actual physical injury when we're talking about intercourse-type activity, as opposed to under section 2244, mere contact over the clothing, for example, of the minor's leg. And I would assert that if you look on – if you look at section 2244B, and if you look at section 2244B, if you take all of the conduct that is criminalized under that statute, we are not looking at a situation that involves a serious danger of physical injury to the victim. This statute could be violated simply by a 19-year-old, someone who's one day over 19 years old, who touches the inner thigh of his girlfriend, who is one day under the age of 16 years old. And does that with consent. That is not something, I would assert, that carries a high danger of physical injury to the victim. And I think if you look at the cases, the Seventh Circuit cases, the Shannon case and the Thomas case, and more recently, the Fifth Circuit, that I think has seriously backtracked from its earlier decisions, such as the feliquas over the leg, the Lovera case, they look at the intrusiveness of the conduct involved, together with the age of the victim, when they're looking at these sexual-type crimes and trying to determine whether or not they're predicates. So, for instance, in the Thomas case, the Seventh Circuit determined that sexual intercourse, statutory rape of a girl that's simply under the age of 17, did not carry such a high potential for physical injury to the victim. For physical injury to the young woman, that it would be properly categorized as a crime of violence. The Fifth Circuit just very recently determined the same thing and determined that violation of Texas's statutory rape law also was not a crime of violence under the career offender provisions. So my point is this, is that I don't believe that this Court, in the Piera-Sommeron case, or in its other cases, have ever addressed the type of conduct that is involved under Section 2244. I think it is clear on the face of the statute, if you use the, the statute categorically, that there is not a serious potential for physical injury to the victim through a violation of Section 2244. And for those reasons, I think it's clear that this Court should follow the lead of what I think is the direction of the other circuits in determining that this type of conduct is not something that should be categorized as a crime of violence for career offender purposes. And I would ask that the Court reverse Mr. Granboy's sentence and return this case to the District Court for resentencing outside of those provisions. Thank you. Mr. Richter. If it pleases the Court, my name is Klaus Richter. I'm an assistant with the United States Attorney's Office in Montana. I was one of their counsel in the trial of this matter and wrote the brief. Addressing primarily defendants' arguments just now, the argument that his expert witness was basically not allowed to fully testify, I respectfully submit, is not entirely supported by the record. The United States had objected initially to the expert, the psychologist, even testifying because he wasn't qualified. The Court did let him testify, and the Court did allow him to testify concerning his record. He did his research and his opinion as to what constitutes proper questioning, what constitutes proper investigation of sexual abuse cases, especially where children are involved. Also, he then testified about what the ramifications of improper type of questioning would be. So basically, the Court gave him leeway to testify, and he testified. Now, he did caution the psychologist, and he did not let him get into an aspect that would affect the credibility of the child, which, as is set forth in the brief, is completely proper. I'm actually interested in the sentencing issue in terms of counsel for the appellant to testify. Mr. Ness has argued that Pereira is not controlling, and that is factually distinguishable, and that we should follow other circuits. So I would like to know your response to, is Pereira controlling? Can we factually distinguish that? And if we – well, obviously, if we can't factually distinguish it, then following other circuits other than our own would not be the way to go. That's correct, Your Honor. The only possible difference in that case is the age of the victim, and I believe there's maybe one or two years age difference. The case itself basically talks about – and putting aside for now the difference there – there are differences in other circuits, and in this circuit, too, between contact and penetration, as defense counsel has pointed out. Penetration, there's no argument that when penetration occurs, that's a crime of violence. I also submit there's absolutely no argument, and there hasn't been argument that when a smaller child, a child younger than 12 years of age, is sexually touched, that can be considered a crime of violence. But the issue is, in this case, this girl was 14 when she was touched. This is the other offense that we're talking about. Should that be considered a crime of violence, I respectfully submit, yes, it is. The case that the Court asked about, Pereira-Salmaran, it states on page 1153, Other courts have similarly held that sexual contact with a minor inherently presents a risk of force sufficient to characterize such misconduct as a crime of violence. And then it goes into the sentencing guideline. It talks about some other cases, and then it concludes in this one paragraph, At the heart of these opinions is the belief that when an older person attempts to sexually touch a child under the age of 14 – and this is the difference in that statute that they were talking about – At the heart of these opinions is the belief that when an older person attempts to sexually touch a child under the age of 14, There's always a substantial risk that physical force will be used to ensure the child's compliance. I respectfully submit, Your Honor, that case is directly on point. The Ninth Circuit has addressed this. In this case, the child was – the one victim was 14. And yes, it is a crime of violence. It should be considered a crime of violence. The Court properly found it to be a crime of violence and sentenced the defendant as a minor. The defendant was a career offender. The definition of a crime of violence in the guidelines – and this – and I concur with Defense Counsel – The paragraph that we're looking at is 4B1.2 sub A sub 2. And at the end, it talks about crime of violence means any offense that involves conduct that presents a serious potential risk of physical injury to another. And this is what these cases say. That's basically what was present in this case. The reason it is a crime of violence is because you have older people taking advantage of younger people. This was an offense. It was a felony, the sexual contact with a child between 12 and 16. That's the statute that he pled guilty to earlier. The child was 14 in this case. The reason these are made crimes is because of the age difference, because an older person takes advantage of the – I'm not – I'm mispronouncing the – the – the nativity, the girl being – Naivety. Thank you, Your Honor. Naivety. An older person committing an offense on a younger person, taking advantage of a younger person, does present the risk that violence will be used if that person doesn't cooperate. That's what the judge found. That's what the court found. And that's the way the law is, whether or not some other circuits are coming around to possibly change their minds on earlier decisions, I respectfully submit is in no way binding. I – I did address some other circuits within my brief. The Sixth Circuit has held, although a crime can occur through mere consensual touching, there's a real possibility that physical force will be used. That's the Campbell case. I said that there's some other cases. I don't want to reiterate everything that's within my brief. Other circuits are holding the same opinion. The court properly found that this particular past offense that the defendant had pled guilty to is a crime of violence, and because the current offense was a crime of violence, and because the defendant had been convicted of two previous crimes of violence, he properly found him to be a career offender and sentenced him to life imprisonment. I will rely on the – on my brief, unless there's some specific questions on any other issue that I can answer. Okay. Thank you. I think a couple of things need to be addressed. I think that a violation of Section 2244 always carries a risk of injury to the victim, because there – any time the victim may not consent to such a touching, there is a danger for force being used. However, that's not what the statute says. The statute does not prohibit merely unconsenting-type touching. The statute prohibits touching over the clothing which is fully consented to by the alleged victim. Mr. Richter also brought up the case such as the Campbell case. The Campbell case involved a completely different situation that involved the Kentucky incest statute, where it prohibited a parent or a step-parent from having sexual contact with their stepchild who was under the age of 15, I believe. And there, I think the Sixth Circuit very properly said, yes, there is a potential for violence, there is a potential for physical injury in that situation, but that's far removed from where we are now. The Pierre Esamaran case, as I indicated, I think you need to look at the actual statute that was involved there, together with the clear conduct that was outlined in the charging documents. And what that individual was charged with, as we stated before, was having carnal knowledge with a child of the age of 13 years old. Carnal knowledge was defined for Virginia purposes as acts of sexual intercourse, cunningness, fellatio, and inanimous and intercourse, and animate and inanimate object sexual penetration. That type of conduct is far removed from what we are talking about here, where it is simply a mere consented-to touching over the clothing on a victim's thigh in its most innocuous sense. I would suggest to the Court that Pierre Esamaran does not dictate the outcome in this case. I think it is also clear that when you look at the Thomas case, the Shannon case in particular, what the Seventh Circuit had to say is that we need to be careful in categorizing these sexual type offenses for all purposes as crimes of violence. Because one of the things that you're looking at when you're applying the sentencing guidelines is you're trying to get some sort of uniformity across the country. And what they pointed out is they pointed out that in some states the age of consent is as low as 13 years old. In others it's as high as 18 years old, such as Texas. And so what you don't want to do is you don't want to write an opinion that's going to say that for all purposes, any kind of touching on a minor, is a crime of violence. Because I think what that's going to do is that's going to lend itself to creating a break within the circuits. The Ninth Circuit is, I think, clearly going to be in the minority of where the other circuits have gone and are going on this issue. And I don't think that that sort of interpretation is consistent with the language of the guideline provision here. Because as the Seventh Circuit pointed out in Shannon, if you're looking at potential risk of physical injury, then there needs to be something to, in fact, establish in the court's mind that there is, in fact, a serious risk of injury. And when they looked at the Wisconsin Statutory Rape Statute, they pointed out that the government presented no evidence to suggest that a 17-year-old girl having sex faced a serious risk of injury. Now in the Thomas case, they determined that a 13-year-old girl faced a serious risk of injury when involved in sexual intercourse. But without that sort of evidence, and there is none on this record, I would suggest that violation of Section 2244, the provision that's at issue here, is not something that carries a serious risk of physical injury, and it should not, therefore, be categorized as a crime of violence. Thank you. Thank you.
judges: Pregerson, Thompson, Callahan